[972 NYS2d 905]

In the Matter of LARRY WALLACE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 16, 2013

142

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for petitioner.

*Richard E. Grayson*, White Plains, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District served the respondent with a verified petition dated December 29, 2010, containing 13 charges of professional misconduct. After a hearing, the Special Referee sustained all 13 charges. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as the Court deems just and proper. The respondent opposes the Grievance Committee's motion and requests that the charges be dismissed. Alternatively, he requests that any discipline be limited to a public censure.

Charge 1 alleges that the respondent breached his fiduciary duty by failing to safeguard funds belonging to another that had been entrusted to him, in violation of former Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). Between November 2005 and February 2007, the respondent maintained an attorney special account entitled "IOLA-Wallace & Associates PC," at JPMorgan Chase Bank. In or about November 2005, the respondent was entrusted with funds totaling $25,000 as a fiduciary on behalf of his client Baday, which were deposited into the account. On or about November 30, 2005, the respondent disbursed from the account the sum of $8,333 payable to his order, which represented the fees due to him in the Baday matter. In or about February 2007, more than one year later, the respondent disbursed a check in the amount of $16,667, payable to Aline Baday, which represented the portion of the settlement due to her. Between November 2005 and February 2007, the balance in the respondent's attorney special account fell below the amount he was required to be holding on behalf of Baday.

Charge 2 alleges that the respondent breached his fiduciary duty by failing to safeguard funds belonging to another that had

been entrusted to him, in violation of former Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). In or about March 2006, the respondent received the sum of $90,000 on behalf of his client Pierna. In or about June 2007, the respondent disbursed the sum of $62,198.46 to his client, representing his client's share. During the period March 2006 through June 2007, the balance in the respondent's attorney special account fell below the amount he was required to be holding on behalf of Pierna on more than one occasion, to a balance as low as $9.29 on May 31, 2007.

Charge 3, as amended, alleges that the respondent breached his fiduciary duty by failing to safeguard funds belonging to another that had been entrusted to him, in violation of former Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). In or about May 2006, the respondent received the sum of $16,110 on behalf of his client Kinard, which was deposited into his attorney special account. As of June 2006, in addition to the Kinard funds, the respondent was required to be holding at least $16,667 on behalf of Baday and at least $60,000 on behalf of Pierna, for a total of $92,777. The respondent permitted the balance in his account to fall below the amount he was required to be holding on behalf of his clients. On June 16, 2006, the balance in the account was only $79,408.39.

Charge 4 alleges that the respondent breached his fiduciary duty by failing to safeguard funds belonging to another that had been entrusted to him, in violation of former Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). In or about August 2006, the respondent received the sum of $66,667 on behalf of his client Shillingford, and deposited the funds into his attorney special account. As of August 2006, in addition to the Shillingford funds, the respondent was required to be holding at least $16,667 on behalf of Baday, $60,000 on behalf of Pierna, and $11,867 on behalf of Kinard, for a total of $155,201. The respondent permitted the balance in his account to fall below the amount he was required to be holding on behalf of his clients. As of the date of the Shillingford deposit, the balance in the respondent's attorney special account was only $141,275.39.

Charge 5 alleges that the respondent breached his fiduciary duty by failing to safeguard funds belonging to another that had been entrusted to him, in violation of former Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). In or about June 2006, the respondent received the sum of $40,000

on behalf of his client Aneke, which he deposited into his attorney special account. Thereafter, the respondent disbursed funds in excess of those he had on deposit for his client.

Charge 6 alleges that the respondent breached his fiduciary duty by failing to account for funds belonging to another that had been entrusted to him, in violation of former Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). In or about May 2006, the respondent received the sum of $16,110 on behalf of his client Kinard, which he deposited into his attorney special account. Thereafter, the respondent disbursed a check in the amount of $4,800, payable to himself. Despite requests from Kinard, the respondent failed to account for the balance of the Kinard funds.

Charge 7 alleges that the respondent breached his fiduciary duty by failing to maintain the integrity of his attorney special account, in violation of former Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). The respondent issued checks in payment of personal and business expenses directly from his attorney special account. In addition, the respondent caused debits to be posted to his attorney special account in payment of personal and business expenses. The respondent also caused funds to be withdrawn from his attorney special account in payment of personal and business expenses.

Charge 8 alleges that the respondent breached his fiduciary duty by failing to safeguard funds belonging to another that had been entrusted to him, in violation of former Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). The respondent disbursed funds from his attorney special account against unrelated deposits.

Charge 9 alleges that the respondent breached his fiduciary duty by failing to safeguard funds belonging to another that had been entrusted to him, in violation of former Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). In or about August 2007, the respondent deposited the sum of $7,500 on behalf of his client Stoney Battle into his attorney special account. Thereafter, the respondent disbursed checks in excess of the Battle funds that were on deposit, including a check in the sum of $2,500, payable to himself, a check in the sum of $5,000, payable to Battle, and a check in the sum of $200, payable to himself.

Charge 10 alleges that the respondent made withdrawals from his attorney special account that were not issued to a named payee, in violation of former Code of Professional Responsibility

DR 9-102 (e) (22 NYCRR 1200.46 [e]). On June 14, 2007, the respondent withdrew the sum of $2,088 from his attorney special account. On January 5, 2007, the respondent withdrew the sum of $1,000 from his attorney special account.

Charge 11 alleges that the respondent failed to properly identify his attorney special account records, in violation of former Code of Professional Responsibility DR 9-102 (b) (2) (22 NYCRR 1200.46 [b] [2]).

Charge 12 alleges that the respondent breached his fiduciary duty by failing to safeguard funds belonging to another that had been entrusted to him, in violation of former Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). In or about August 2006, the respondent received the sum of $66,667 on behalf of his client Shillingford, which he deposited into his attorney special account. By a check presented for payment on or about February 13, 2007, the respondent disbursed said funds to Opera Taxi. Between August 2006 and February 2007, the balance in the respondent's attorney special account fell below the amount he was required to be holding on behalf of Shillingford.

Charge 13 alleges that the respondent breached his fiduciary duty by failing to safeguard funds belonging to another that had been entrusted to him, in violation of former Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). The respondent issued three checks, in the amounts of $3,308.61, $15,000, and $822.73, respectively, payable to his order, from his attorney special account. Despite requests, the respondent failed to account for the above-referenced disbursements.

In view of the respondent's admissions and the evidence adduced, we find that the Special Referee properly sustained all 13 charges. The Grievance Committee's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigation advanced by the respondent, including the details of his difficult childhood and the extraordinary efforts he made to overcome those difficulties, the profound family stresses and health issues he described, the evidence of good character he submitted, the absence of any client complaint, the remedial measures he has taken to avoid future escrow violations, and his cooperation with the Grievance Committee's investigation.

Under the totality of the circumstances, the respondent is publicly censured for his professional misconduct.

ENG, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Larry Wallace, is publicly censured for his professional misconduct.